UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KATIE MERRITT,

                               Plaintiff,

         v.                                                                     3:25-CV-471
                                                                                (AMN/DJS)

ADAM SNYDER, *et al.*,

                               Defendants.
_____

APPEARANCES:

KATIE MERRITT
Plaintiff, *Pro Se*
Vestal, New York 13851

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

      The Clerk has forwarded for review a civil complaint filed by Plaintiff. The Complaint was filed April 15, 2025. Dkt. No. 1. The next day Plaintiff filed a Motion to Amend, Dkt. No. 6, which attached a proposed amended complaint. Dkt. No. 6-1. Under Fed. R. Civ. P. 15, Plaintiff was entitled to amend her complaint once as a matter of right. *See Siyu Yang v. Ardizzone*, 540 F. Supp. 3d 372, 377 (W.D.N.Y. 2021). Leave to amend, therefore, is not required. Plaintiff's Motion, Dkt. No. 6, is therefore denied as moot, but the Clerk is directed to docket the proposed amended complaint as the Amended

- 1 -

Complaint and it will be considered as the operative pleading for purposes of the analysis below.[1]  The filing fee in this action has not been paid, but Plaintiff has filed a motion to proceed *in forma pauperis*.  Dkt. No. 2.  That Motion has been granted.  The matter has been referred to the undersigned for an initial review pursuant to L.R. 72.3.

Plaintiff has also filed a Motion for Permission to File Electronically in ECF and for a temporary restraining order.  Dkt. Nos. 3 & 5.  Given the recommendation made below that this action should be dismissed, the Motion for Electronic Filing is denied and it is recommended that the motion for injunctive be denied.

## I. FACTUAL ALLEGATIONS IN THE COMPLAINT

This is at least the second action commenced by Plaintiff in this Court against Defendant Adam Snyder.  *Merritt v. Snyder*, 3:25-cv-61 (AMN/DJS) ("*Merritt I*").  That action contained allegations of a similar nature to those brought here.  *See generally Merritt I*, Dkt. No. 1.  That action was dismissed based on a lack of subject matter jurisdiction.  *Merritt I*, Dkt. No. 8 at pp. 3-4.

The Amended Complaint in this case alleges that "Plaintiff was subjected to years of physical abuse, including assaults that resulted in long term injuries."  Am. Compl. at ¶ 8.  Defendant Adam Snyder is alleged to have "engaged in narcissistic abuse, coercive

---

[1] Plaintiff has also filed two motions to supplement the Complaint.  Dkt. Nos. 9 & 11.  The proposed supplements are not complete pleadings, however, which are required to avoid piecemeal pleading that makes it difficult for the Court and parties to centrally identify the nature of the allegations.  *See Graven v. Greene Cent. Sch. Dist.*, 2015 WL 1472054, at *3 (N.D.N.Y. Mar. 31, 2015).  Those Motions, therefore, are denied.  Plaintiff's Motions for the Court to accept additional exhibits, Dkt. Nos. 10 & 12, are denied for the same reason.

control and manipulation" throughout his relationship with Plaintiff. *Id.* at ¶ 9. Plaintiff alleges that these acts, and the acts of others, have interfered with her relationship with her children and caused her significant emotional harm. *Id.* at ¶¶ 11-15.

The Complaint lists six causes of action: violation of federal civil rights under 42 U.S.C. § 1983, intentional infliction of emotional distress, assault and battery, defamation, invasion of privacy and harassment, and parental alienation. *Id.* at ¶¶ 17-22. It seeks compensatory damages "in excess of $1,000,000" and punitive damages. *Id.* at p. 2.

## II. GOVERNING LEGAL STANDARD

28 U.S.C. § 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[2]

In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (*per curiam*), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff)

---

[2] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks and alterations omitted).

## III. DISCUSSION

At the outset, the Amended Complaint is subject to dismissal for failing to comply with the basic pleading requirements of the Federal Rules of Civil Procedure. A court's initial review of a complaint under § 1915(e) must encompass the applicable standards of the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (citations and internal alterations omitted). Here, the lack of specific details, including, for example, dates of the alleged misconduct or the specific events or circumstances that Plaintiff contends give rise to legal claims would make it exceptionally hard for a defendant to respond to the substance of the allegations contained here. As such, the Amended Complaint lacks the type of "short and pain statement of the claim showing that the pleader is entitled to relief" that the Federal Rules contemplate and require. FED. R. CIV. P. 8(a)(2).

Dismissal is appropriate for additional reasons as well.

Unlike *Merritt I* where the Complaint contained only state law causes of action, the first claim in the Amended Complaint is premised on 42 U.S.C. § 1983. Am. Comp. at ¶ 17. Any claim under section 1983, however, requires state action. "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n, FA*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks omitted). "A plaintiff pressing a claim of violation of his constitutional rights under § 1983 is thus required to show state action." *Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003). "State action requires both the exercise of some right or privilege created by the State and the involvement of a person who may fairly be said to be a state actor." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (quoting *Flagg v. Yonkers Sav. & Loan Ass'n, FA*, 396 F.3d at 186) (internal quotations and alterations omitted).

Plaintiff makes no allegation that any of the named Defendants are state actors. On the contrary, each appears to be a private citizen. *See* Am. Compl. at ¶¶ 5-7. "It is axiomatic that private citizens and entities are not generally subject to Section 1983 liability." *Anilao v. Spota*, 774 F. Supp. 2d 457, 497 (E.D.N.Y. 2011) (citing cases). However, "a private citizen may be deemed to be a state actor when he is 'a willful participant in joint action with the State or its agents.'" *Bang v. Utopia Rest.*, 923 F.

Supp. 46, 49 (S.D.N.Y. 1996)  (quoting *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980)). The Amended Complaint is similarly devoid of any allegations to that effect.

Nor does the Amended Complaint identify a substantive basis for pursuing a section 1983 claim.  "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere. In order to prevail on a section 1983 claim, the plaintiff must show that the defendant's conduct deprived him of a federal right." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (internal citation omitted).  Plaintiff's allegations have not sufficiently made such an allegation. She does not allege the violation of specific constitutional rights.

For these reasons, the Court recommends that Plaintiff's section 1983 claim be dismissed.

The Amended Complaint asserts five additional state law causes of action.  This Court lacks diversity jurisdiction to hear these claims.  "Diversity jurisdiction exists where the parties are citizens of different states and the amount in controversy exceeds $75,000." *Ceglia v. Zuckerberg*, 772 F. Supp. 2d 453, 455 (W.D.N.Y. 2011).  "A case falls within the federal district court's original diversity jurisdiction only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State." *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) (internal quotations omitted).  Complete diversity is required – meaning if any Defendant is a resident of the same state as the Plaintiff, diversity

jurisdiction does not exist. *Seemann v. Maxwell*, 178 F.R.D. 23, 24 (N.D.N.Y. 1998). The Complaint specifically alleges that both Plaintiff and Defendant Adam Snyder are residents of New York. Am. Compl. at ¶¶ 4-5. As a result, there is also no diversity jurisdiction in this case and no independent jurisdictional basis for entertaining these claims.

Plaintiff asks the Court to exercise supplemental jurisdiction over these state law causes of action. Am. Compl. at ¶ 2. A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Having recommended dismissal of the federal claims over which the Court has original jurisdiction, the Court also recommends that the District Court decline to exercise its supplemental jurisdiction over any state law claims Plaintiff may be asserting.

## IV. CONCLUSION

For the reasons stated herein, it is hereby

**ORDERED**, that Plaintiff's Motion for Permission to File Electronically in ECF (Dkt. No. 3) is **DENIED**; and it is further

**ORDERED**, that Plaintiff's Motions to Supplement the Complaint and for the Court to Accept Exhibits (Dkt. Nos. 9, 10, 11, and 12) are **DENIED**; and it is

**RECOMMENDED**, that Plaintiff's Motion for a Temporary Restraining Order be **DENIED**; and it is further

**RECOMMENDED**, that Plaintiff's Complaint be **DISMISSED without prejudice**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[3] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: May 14, 2025
      Albany, New York

*[signature]*
Daniel J. Stewart
U.S. Magistrate Judge

---

[3] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).