**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

KATIE MERRITT,

        Plaintiff,

  v.                3:25-CV-471 (AMN/DJS)

ADAM SNYDER, *et al.*,

        Defendants.

**APPEARANCES:**

**KATIE MERRITT**
P.O. Box 84
Vestal, New York 13851
Plaintiff, *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

**ORDER**

**I. INTRODUCTION**

  On April 15, 2025, Plaintiff Katie Merritt commenced this action *pro se* against Adam and Megan Snyder. *See* Dkt. No. 1. The next day, Plaintiff filed an amended complaint which added Renee Snyder as a Defendant, asserted a claim pursuant to 42 U.S.C. § 1983 ("Section 1983"), and made various state law claims based on Defendants' alleged violation of Plaintiff's parental rights. *See* Dkt. No. 6-1 (the "Amended Complaint"). On the same day, Plaintiff moved for a temporary restraining order ("TRO"). *See* Dkt. No. 5.

  This matter was referred to United States Magistrate Judge Daniel J. Stewart, who reviewed the Amended Complaint pursuant to 28 U.S.C. § 1915(e), and on May 14, 2025, recommended that the Amended Complaint be dismissed without prejudice and that Plaintiff's motion for a TRO

be denied. *See* Dkt. No. 14 at 9 ("Report-Recommendation").[1] Magistrate Judge Stewart advised that pursuant to 28 U.S.C. § 636(b)(1), the Parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id*. No objections have been filed, and the time for filing objections has expired.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

**II.     STANDARD OF REVIEW**

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 6:21-CV-01138 (MAD/TWD), 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 1:17-CV-0367 (GTS/WBC), 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations

---

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

omitted).  The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education.  *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).  After appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

**III.   DISCUSSION**

Because neither party has filed any objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

First, Magistrate Judge Stewart recommended dismissal of the Amended Complaint and denial of Plaintiff's request for a TRO due to Plaintiff's failure to comply with the requirements of Fed. R. Civ. P. 8.  In particular, the Amended Complaint lacks dates or specific details regarding the events at issue, which "would make it exceptionally hard for a defendant to respond to the substance of the allegations[.]"  Dkt. No. 14 at 5.

Second, Magistrate Judge Stewart recommended dismissal of the Amended Complaint and denial of the TRO due to Plaintiff's failure to state a claim pursuant to Section 1983.  Specifically, Plaintiff fails to allege any state action or identify specific federal rights implicated by the allegations of the Amended Complaint, given that Defendants are not alleged to be state actors.  *Id.* at 6-7.  Indeed, "[i]t is axiomatic that private citizens and entities are not generally subject to Section 1983 liability."  *Id.* at 6 (quoting *Anilao v. Spota*, 774 F. Supp. 2d 457, 497 (E.D.N.Y. 2011) (citing cases)).

Finally, Magistrate Judge Stewart recommended dismissal of the Amended Complaint and denial of the TRO due to a lack of jurisdiction over Plaintiff's remaining state law claims.  *Id.* at 7-8.  Given the lack of diversity between the parties, *see* Dkt. No. 6-1 at 1, and considering the

recommendation to dismiss the Section 1983 claim, Magistrate Judge Stewart also recommended that the Court "decline the exercise of [supplemental] jurisdiction." Dkt. No. 14 at 8 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

Having reviewed the Report-Recommendation for clear error, and found none, the Court adopts the Report-Recommendation in its entirety.

## IV.  CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 14, is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's Motion for a Temporary Restraining Order, Dkt. No. 5, is **DENIED**; and the Court further

**ORDERS** that Plaintiff's Amended Complaint be **DISMISSED without prejudice**; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.[2]

**IT IS SO ORDERED.**

Dated: June 16, 2025
　　　　Albany, New York

_____
Anne M. Nardacci
U.S. District Judge

---

[2] The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein.